FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EZEQUIEL BALDERRAMA; CEJA NOEL JOSE; JESUS GALLEGOS; HERRERA CANDELARIO; VICTOR LICONA; JOAQUIN MENDOZA; GENARO MORENO; and JORGE RAMIREZ,<br><br>Plaintiffs,<br><br>v.<br><br>MENSONIDES DAIRY, LLC, a Washington limited liability corporation; JEAN PIERRE FLORES; and DOES 1-10,<br><br>Defendants. | NO: 1:20-CV-3069-RMP<br><br>CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Protective Order and Confidentiality Agreement, ECF No. 24. Having review the Motion, the docket, and the Proposed Order, the Court finds good cause to grant the Motion and issue the Protective Order as requested.

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 1

Accordingly, **IT IS HEREBY ORDERED** that the Stipulated Motion for Protective Order and Confidentiality Agreement, **ECF No. 24**, is **GRANTED**, and further:

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential and private information for which special protection may be warranted. The foregoing is a joint agreement between: Plaintiffs Ezequiel Balderrama, Jose Noel Ceja, Jesus Gallegos, Candelario Herrera, Victor Licona, Joaquin Mendoza, Genaro Moreno, and Jorge Ramirez; Defendant Mensonides Dairy, LLC; and Defendant Jean Pierre Flores ("the parties"). The parties acknowledge that this agreement is consistent with Federal Rule of Civil Procedure ("FRCP") 26(c). It does not confer blanket protection on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Accordingly, the parties stipulate and agree to, and the Court finds good cause for, entry of this Confidentiality Agreement and Protective Order pursuant to FRCP 26(c).

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material refers to any record, document, tangible thing, discovery response, testimony, information, or other material disclosed or to be disclosed through formal or informal discovery or otherwise in the course of this

litigation that contains:

    (a) Physical and mental health information;

    (b) Personal demographic and identifying information, including but not limited to, social security numbers, birthdate, immigration information or status, passport numbers, and non-citizen registration numbers;

    (c) Information regarding current employers of former employees of Defendant Mensonides Dairy;

    (d) Identifying information of an individual known to be a minor;

    (e) Current home address of any Party or current or former employee of Defendant Mensonides Dairy;

    (f) Information related to internal union affairs; union political, economic, and social matters; collective bargaining strategy; union organizing strategy; union membership lists; union strategic, operational, or budgetary planning; union activities and events; union meetings; union discussions; internal union policies and practices; methods of union organizing; extent and strength of union organizing;

    (g) Any and all financial information, tax returns and/or information contained therein, profit and loss statements or any other financial information of any kind relating to any of the Parties or their affiliates which is not already in the public domain;

    (h) Any and all personal information about any of the Party's current or

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 3

former employees, excluding Plaintiffs and Defendants, including, but not limited to their addresses, phone numbers, e-mail addresses or other contact information, payroll information, rate of pay, disciplinary history; work history, family information, financial information which is not already in the public domain, social security numbers, or dates of birth;

(i) The Defendants' customer list(s), information regarding a particular customer, customer pricing, or trade secret or proprietary business information or processes of the Defendants which is not already in the public domain, excluding information related to Defendants' responses to employee complaints.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also: (a) any information copied or extracted from confidential materials; (b) all copies, excerpts, summaries, or compilations of confidential material; and (c) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

If non-confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order.

However, the protections conferred by this agreement do not cover

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 4

information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) The Plaintiffs;

(b) The Defendants;

(c) The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(d) The officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 5

(e) The Court and its officers;

(f) Court reporters, their assistants, and administrative staff;

(g) Any mediator or other third-party neutral used to attempt to resolve this litigation;

(h) Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(i) Experts and consultants who are employed, retained, or otherwise consulted by counsel or any party for the purpose of providing information or opinions to assist in this litigation to whom disclosure is reasonably necessary for such purposes;

(j) Witnesses, potential witnesses, and their counsel to the extent necessary in preparation for or during the course of depositions, hearings, interviews, or trial in this action; and

(k) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Acknowledgment and Agreements to Be Bound.</u>  All individuals who fall within categories 4.2 (i)-(j) above who review confidential information must first

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 6

execute the Acknowledgment and Agreement to Be Bound, appended hereto as Exhibit A, stating that they will abide by the terms of this Order.  Copies of all Acknowledgments and Agreements to Be Bound executed pursuant to this paragraph shall be kept by counsel who provided the confidential information for review.

4.4 <u>Information or Items for "CONFIDENTIAL-ATTORNEYS' EYES ONLY"</u>.  The parties agree that 1) the current employer of all former employees of Mensonides Dairy, including Mr. Flores and 2) the current address of the parties and current or former employees of Mensonides Dairy can be designated for Attorneys' Eyes Only.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may NOT disclose any material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to individuals in categories 4.2 (b), (d), and (j).  Such designation is necessary to protect the litigants and potential witnesses who have a reasonable fear of retaliation for participating in these proceedings.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Designations.</u>  Any party may designate any record, document, tangible thing, discovery response, testimony, information, or other material as "CONFIDENTIAL."  Any party may designate the information identified in Paragraph 4.4 above as "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY."  Such designation shall, without more, subject the information produced or provided under such designation to the provisions of this Confidentiality Agreement and

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 7

Protective Order.

     5.2 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.3 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement (see, e.g., section 5.3(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. Designation must meet the following guidelines:

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins);

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference; and

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 9

protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.4 <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>TREATMENT OF CONFIDENTIAL MATERIAL</u>

6.1     <u>Written Submissions.</u>  In any judicial proceeding in which the confidential information may become part of a written submission to the Court, the party making the submission will provide reasonable notice of the submission to the opposing counsel so that the parties may confer regarding removing the designation, redacting the document, or so that opposing counsel can seek, if necessary, an order from the Court protecting the confidentiality of the document—including an order that the document be redacted or filed under seal—subject to the Court's review on a document-by-document basis.

6.2     <u>Information under Seal.</u>  If confidential testimony is filed under seal, the entire filing or submission containing the confidential information shall be made under seal.

      6.3    <u>Public Disclosures.</u>  Except as provided herein, no party having access to confidential information shall make public disclosures of that material without further order of this Court.  Information designated as confidential shall be held in the strictest confidence and maintained securely.

      6.4    <u>Protected Material Subpoenaed or Produced in Other Litigation.</u>  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY," that party must: (a) promptly notify the designating party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

      6.5    <u>Disclosure by Party.</u>  If a party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized by this Order, that party must immediately: (a) notify the other parties in writing of the unauthorized disclosure; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (c) use best efforts to retrieve all copes of the confidential material; and (d) request that such

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 11

person to which information was disclosed execute the Acknowledgment and Agreement to Be Bound (Exhibit A).

6.6     At Conclusion of Case.  Upon conclusion of this case, including any appeals, all originals and copies of confidential materials, including all summaries thereof, shall be returned to the producing party's counsel or representative or destroyed within sixty (60) days, unless: (a) otherwise ordered by the Court for good cause shown; (b) the return or destruction of such materials is prohibited by law; or (c) the document has been filed with the Court in unredacted form or used as an exhibit.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has

engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action, pursuant to FRCP 26(c).

7.3 <u>Judicial Intervention.</u>  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality.  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** April 28, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ~ 13